ARNOLDO CASILLAS, ESQ., SBN 158519
**CASILLAS & ASSOCIATES**
3777 Long Beach Blvd., Third Floor
Long Beach, CA 90807
Telephone:  (562) 203-3030
Facsimile:   (323) 725-0350
Email: acasillas@casillaslegal.com

Attorneys for Plaintiffs ESTATE OF CESAR RODRIGUEZ, and
ROSA MORENO

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CESAR RODRIGUEZ, by and through successor in interest, Rosa Moreno, and ROSA MORENO, individually,<br><br>                    Plaintiffs,<br>          vs.<br><br>CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, MARTIN RON, DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Violation of Constitutional Rights (42 U.S.C. § 1983)<br>2.   Municipal Liability (42 U.S.C. § 1983)<br>3.  Assault and Battery<br>4.  Wrongful Death<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT FOR DAMAGES</u>

COME NOW Plaintiffs ESTATE OF CESAR RODRIGUEZ, by and through successors in interest; ROSA MORENO, individually and as successor in interest (hereinafter collectively "Plaintiffs"), and allege as follows:

1

**INTRODUCTION**

1.      This civil rights action seeks to establish the violations of fundamental civil rights under the United States Constitution in connection with the death of Cesar Rodriguez on August 29, 2017.

2.      Cesar Rodriguez was a 23-year-old loving son to his mother Rosa Moreno.

3.      Long Beach Police officer Martin Ron wrongfully and illegally took Cesar Rodriguez into custody and then undertook a deliberate and intentional course of conduct which led to the death of Cesar Rodriguez.

4.      The present lawsuit seeks to bring to public light, through trial, the misconduct of officer Martin Ron, the lack of training in place at the Long Beach Police Department regarding in-custody handling of suspects as well as the handling and management of suspects detained on the Blue-line route of the MTA.

**PARTIES**

5.      At all relevant times, Cesar Rodriguez was an individual residing in Los Angeles County, California. The claims made by the ESTATE OF CESAR RODRIGUEZ, are brought by his mother, Rosa Moreno the successor in interest to the ESTATE OF CESAR RODRIGUEZ pursuant to California Code of Civil Procedure § 377.32.

6.      Plaintiff Rosa Moreno is and was, at all times relevant hereto, a resident of the Los Angeles County, and is the natural mother of decedent Cesar Rodriguez.

7.      Defendant CITY OF LONG BEACH (hereafter "CITY"), is and was, at all times mentioned herein, a public entity, duly organized and existing under and by virtue of the laws of the state of California, with the capacity to sue and be sued. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions,

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

8.     The Long Beach Police Department (hereinafter "LBPD") is a subdivision of Defendant CITY OF LONG BEACH.

9.     Defendant Martin Ron (hereinafter "RON") is a police officer working for the Long Beach Police Department. Defendant RON is sued in his official and individual capacity.   At all times relevant to the present action, Defendant RON was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY OF LONG BEACH, as well as under the color of the statutes and regulations of the State of California.

10.     At all relevant times, each of the Defendants DOES 1 through 10 were acting within his or her capacity as an employee, agent, representative and/or servant of Defendant CITY, and is sued in their individual capacity.

11.     On information and belief, at all relevant times, the individually named defendant officers and DOES 1 through 10, inclusive, were residents of Los Angeles County, California.

12.     The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

13.     Defendant DOES 1 through 3 were also duly appointed officers, sergeants, lieutenants, detectives, or other officers, officials, executives and/or policymakers of the LBPD, a department and subdivision of Defendant CITY, and at all times mentioned herein said Defendants were acting in the course and scope of

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   their employment with Defendant CITY, which is liable under the doctrine of
2   *respondeat superior* pursuant to California Government Code § 815.2.

3   14.    Each of the Defendants caused and is responsible for the unlawful
4   conduct and resulting by, inter alia, personally participating in the conduct, or acting
5   jointly and in concert with others who did so; by authorizing, acquiescing or failing
6   to take action to prevent the unlawful conduct; by promulgating policies and
7   procedures pursuant to which the unlawful conduct occurred; by failing and refusing,
8   with deliberate indifference to Plaintiffs' and decedent's rights, to initiate and
9   maintain adequate supervision and/or training; and, by ratifying the unlawful conduct
10  that occurred by agents and peace officers under their direction and control.
11  Whenever and wherever reference is made in this Complaint to any act by a
12  Defendant, such allegation and reference shall also be deemed to mean the acts and
13  failures to act of each Defendant individually, jointly and severally. They are sued in
14  their individual and official capacities and in some manner are responsible for the
15  acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this
16  Complaint to allege such name and responsibility when that information is
17  ascertained. Each of the Defendants is the agent of the other.

18  15.    The present plaintiffs have complied with the requirements of the
19  California Tort Claims Act and have presented written claims to defendant CITY.
20  Said claims were rejected formally or by operation of law, and the state-law claims
21  presented herein are rightfully and timely brought.

## JURISDICTION AND VENUE

23  16.    This civil action is brought for the redress of alleged deprivations of
24  constitutional rights as protected by 42 U.S.C. § 1983, the First, Fourth and
25  Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on
26  28 U.S.C. §§ 1331, 1343, and 1367.

27  17.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because
28  Defendants reside in, and all incidents, events, and occurrences giving rise to this

4

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   action occurred in the CITY OF LONG BEACH, California, which is in the

2   geographic and legal jurisdiction of this court.

3       18.    With respect to Plaintiffs' supplemental state claims, Plaintiffs request

4   that this court exercise supplemental jurisdiction over such claims as they arise from

5   the same facts and circumstances which underlie the federal claims.

6                   **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7       19.    Cesar Rodriguez was a 23-year-old young man of good health.  He was

8   loyal and loving son to his mother, Rosa Moreno.   On August 29, 2017, Cesar

9   Rodriguez was pronounced dead at the Long Beach Memorial Medical Center from

10  the injuries sustained during an encounter with defendants Martin Ron and DOES 1

11  through 5.

12      20.    On August 29, 2017, at approximately 8:45 PM, Cesar Rodriguez was

13  exiting a passenger train at the Blue-Line Wardlow station.   While on the train

14  platform, he was confronted by defendants Martin Ron and DOES 1 through 5, and

15  he was taken into custody.   While Cesar Rodriguez was in the custody of Martin

16  Ron, Martin Ron pushed or otherwise took Cesar Rodriguez to the ground on the

17  train platform.  Before doing so, defendant Martin Ron knew or should have known

18  that a northbound train was approaching the eastern edge of the platform immediately

19  near where he and Cesar Rodriguez stood.

20      21.    The train was visible as it approached the platform, and the sound

21  emanating from the train as well as the traffic control devices near the station notified

22  defendant Martin Ron of its impending arrival at the Wardlow Station platform.

23      22.    Despite knowing that the train was approaching the location where he

24  stood with Cesar Rodriguez, Martin Ron intentionally threw or otherwise forcefully

25  brought Cesar Rodriguez to the edge of the train platform causing the lower half of

26  Cesar Rodriguez's body to extend into the path of the oncoming train.

27      23.    Cesar Rodriguez was helpless to prevent his body from being forcefully

28  thrown in the path of the train and was unable to move from the path of the train or

5

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

otherwise avoid being struck by the train.  Accordingly, as the lower half of his body was hung from the edge of the platform, the front of the oncoming train struck him and came to a stop.   The lower half of Cesar Rodriguez's body became lodged in the small gap between the edge of the platform and the train.

24.   He suffered extensive internal injuries and fractures of various bones from the impact of train striking him as well as from the crush injuries from being pinned between the train and the platform.

25.   Cesar Rodriguez remained pinned between the train and the platform for approximately 25 minutes.  He was conscious during entire time and force to suffer immeasurable pain as well as the psychological trauma of experiencing and contemplating his impending death.

26.   Paramedics and other fire department personnel arrived and extracted Cesar Rodriguez from between train and the platform.

27.   Cesar Rodriguez was transported to Long Beach Memorial Medical Center Hospital and was administered various emergency room therapies and treatments.  He did not survive his injuries and he died at approximately 10:45 PM.

////
////
////
////
////
////
////
////
////
////
////

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## FIRST CLAIM FOR RELIEF

### Excessive Force Causing Constitutional Violations

### 42 U.S.C. § 1983

### As Against Defendants MARTIN RON and DOE Defendants 1 through 10

28.     Plaintiff Estate of Cesar Rodriguez realleges and incorporates the foregoing paragraphs as if set forth herein

29.     Defendants' actions described herein violated Cesar Rodriguez's rights under the Fourteenth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment.  The conduct also violated Cesar Rodriguez's constitutional rights against unreasonable force under the Fourth Amendment of the U.S. Constitution.

30.     At the time of Cesar Rodriguez's death, he was not engaging in, nor had he engaged in, any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, he posed no danger or threat to Defendant Martin Ron or anyone else.  Said defendants recklessly created an unconstitutional provocation leading to the death of Cesar Rodriguez.  Such conduct was unreasonable under the circumstances in every respect and was undertaken intentionally and recklessly by these Defendants when they forcefully threw Cesar Rodriguez to the floor of the platform in front of an oncoming train.

31.     These actions violated Cesar Rodriguez's due process and substantive due process rights as protected by the  Fourteenth Amendment to the United States Constitution.

32.     During the encounter described above, Cesar Rodriguez endured great physical and emotional pain and suffering.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

33.     Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

34.     The unauthorized, unwarranted and reckless use of force while Cesar Rodriguez was in custody was willful and done with a deliberate disregard for the rights and safety of Cesar Rodriguez, and therefore warrants the imposition of punitive damages as to Defendants Martin Ron and DOES 1 through 10.

35.     Accordingly, Defendants are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

**SECOND CLAIM FOR RELIEF**

**Municipal Liability for Inadequate Training**

**42 U.S.C. § 1983**

**As Against Defendant CITY OF LONG BEACH and**

**DOE Defendants 5 through 10**

36.     Plaintiff Estate of Cesar Rodriguez realleges and incorporates the foregoing paragraphs as if set forth herein.

37.     On July 1, 2017, the Long Beach Police Department began patrolling the MTA Blue Line route within the limits of the City of Long Beach, including at all of the train stations within the City of Long Beach.   The City of Long Beach and the Long Beach Police Department failed to develop and implement any policies or procedures regarding this new patrolling activity, and said defendants failed to train its officers as to the specific dangers and threats posed to the public related to police contact on trains and train platforms.

38.     On and before August 29, 2017, defendant CITY OF LONG BEACH and DOES 5 through 10 were aware that Defendant Defendants Ron and DOES 1 through 5, the had not received proper and necessary training in the management of suspects on Blue-Line trains and on the Blue Line train platforms.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

39.     Defendant CITY OF LONG BEACH and DOES 1 through 10, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs and decedent, and of persons in their class, situation and comparable position, knowingly allowed the defendants Martin Ron and DOES 1 through 10 to serve as patrol officers on the Blue Line routes within the City of Long Beach without proper training as to the dangers related to arresting suspects on trains and train platforms; including the dangers posed by incoming trains to suspects being arrested on train platforms.  Defendants City of Long Beach, Long Beach Police Department and DOES 1 through 5 knew that such untrained officers would have confrontations with suspects on the train platform which would result in injury to the suspects because of the lack of training.

40.     By reason of the aforementioned acts and omissions, CESAR RODRIGUEZ suffered serious injuries from which he eventually lost his life.

41.     Accordingly, Defendants CITY OF LONG BEACH and DOES 5 through 10 are liable to Plaintiff Estate of Cesar Rodriguez for compensatory damages pursuant to 42 U.S.C. § 1983 for his special and general damages.

## THIRD CLAIM FOR RELIEF

### Assault and Battery

### As Against Defendants CITY OF LONG BEACH, MARTIN RON, and DOE Defendants 5 through 10

42.     Plaintiff Estate of Cesar Rodriguez realleges and incorporates the foregoing paragraphs as if set forth herein.

43.     This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

44.     By virtue of the foregoing, Defendants Martin Ron and DOES 5 through 10, assaulted and battered Cesar Rodriguez and caused him to be struck by a train, as pleaded herein above, by and through their actions described above.

45.     These Defendants, and each of them, assaulted and battered Cesar Rodriguez, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of Cesar Rodriguez.

46.     These acts were undertaken by Defendants Martin Ron and DOES 5 through 10, intentionally and without justification.

47.     As a result of these deliberate and unjustified acts undertaken by these Defendants, and each of them, Cesar Rodriguez endured great physical and emotional pain and suffering.

48.     These deliberate and unjustified acts undertaken by these Defendants, and each of them, were willful and done with a deliberate disregard for the rights and safety of Plaintiffs and, therefore, warrant the imposition of punitive damages as to these Defendants.

49.     Defendants CITY OF LONG BEACH is liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *respondeat superior*, codified at California Government Code § 815.2.

////
////
////
////
////
////
////

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

# FOURTH CLAIM FOR RELIEF

## Wrongful Death

### As Against Defendants MARTIN RON, THE CITY OF LONG BEACH and DOE Defendants 1 through 10

50.     Plaintiff Rosa Moreno realleges and incorporate the foregoing paragraphs as if set forth herein.

51.     This cause of action arises under the general laws and Constitution of the State of California, including California Government Code §§ 815.2 and 820.

52.     Defendant Martin Ron and DOES 1 through 10, while working as police officers, supervisors and personnel of the Long Beach Police Department, and acting within the course and scope of their duties, took Cesar Rodriguez into custody and employed negligent tactics and intentionally and/or without due care recklessly caused the death of Cesar Rodriguez.  The Defendants, and each of them, had no legal or reasonable justification for their actions or subjective belief that such actions were lawful.

53.     As a direct and proximate result of the conduct of Defendants, as alleged above, Cesar Rodriguez suffered serious injuries and lost his life.  Plaintiff Rosa Moreno, has been deprived of the life-long comfort, society, support and care of Cesar Rodriguez, and will continue to be so deprived for the remainder of her natural life.  Ms. Moreno was further forced to pay funeral and burial expenses as a result of the conduct of Defendants.

54.     Defendant CITY OF LONG BEACH is vicariously liable for the wrongful acts of Defendants Martin Ron and DOES 1 through 10, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him to liability.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

55.     Martin Ron and DOES 5 through 10, and each of them, received inadequate training from the Long Beach Police Department in the proper management of suspects on trains and on train platforms, as well as regarding dangers posed to suspects during arrests on train platforms.  As a direct and proximate result of this failure to provide such training, the death of Rosa Moreno resulted, causing Plaintiff Rosa Moreno the losses and injuries herein complained of.

56.     At no time, either prior to the employment of Defendants Ron and DOES 1 through 10 or to the assignment of these Defendants to duties whereby it was foreseeable that said Defendants would be required to engage in patrol or security duties on trains and train platforms,  did Defendants City of Long Beach and DOES 6 through 10 take reasonable steps to ascertain whether these defendants Ron and DOES 1 through 5 were psychologically capable of performing such duties and whether they had a propensity towards violence or toward over-reaction in typical encounters with the public.  To the contrary, Defendants DOES 6 through 10 were aware of various instances where defendant Ron and DOES 1 through 5 unnecessarily and recklessly engaged in excessive force and mistreated suspects in custody, as pleaded herein.  Despite knowledge of such propensity, Defendants City of Long Beach and DOES 6 through 10 failed to take action to discipline or train these Defendants to correct this propensity.  Instead, Defendants DOES 6 through 10 carelessly allowed these Defendants to continue to encounter members of the public in the course of their duties on trains and train platforms.  As a direct and proximate result of this failure to use due caution and care in the selection, training, and retention of these Defendants Rosa Moreno lost his life, causing Plaintiff Rosa Moreno the losses and injuries complained of herein.

57.     As a result of the aforementioned negligent and intentional acts, Plaintiff Rosa Moreno, has lost the love, affection, society, support and moral support of Cesar Rodriguez.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A.    For compensatory damages, including pre-death pain and suffering damages, general damages and special damages, and statutory damages for violation of the laws and Constitution of the United States and California in an amount to be determined at trial;

B.    For punitive damages against Defendants Martin Ron, and DOES 1 through 10 pursuant to 42 U.S.C. § 1983 and any other applicable laws or status, in an amount sufficient to deter and make an example of each non-government entity Defendant;

C.    For prejudgment interest to be determined at trial;

D.    For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute; and

E.    For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated: August 27, 2018        CASILLAS & ASSOCIATES

                      By   /s/ Arnoldo Casillas
                         ARNOLDO CASILLAS
                    Attorneys for Plaintiffs,
                    ESTATE OF CESAR RODRIGUEZ, and
                    ROSA MORENO

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1

2

**DEMAND FOR JURY TRIAL**

3

COME NOW Plaintiffs ESTATE OF CESAR RODRIGUEZ, by and through

4

successors in interest; ROSA MORENO, individually and as successor in interest;

5

and hereby demand for a trial by jury.

6

7

Dated: August 27, 2018           CASILLAS & ASSOCIATES

8

By   /s/ Arnoldo Casillas

9

       ARNOLDO CASILLAS

10

Attorneys for Plaintiffs,

ESTATE OF CESAR RODRIGUEZ, and

11

ROSA MORENO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**