UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-07522-CAS(FFMx) | Date | January 21, 2020 |
|---|---|---|---|
| Title | ESTATE OF CESAR RODRIGUEZ ET AL. v. CITY OF LONG BEACH ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Dkt. [22], filed December 4, 2019)

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Rosa Moreno and the Estate of Cesar Rodriguez filed this action arising out of the death of Cesar Rodriguez ("Rodriguez"), Moreno's son, against defendants the City of Long Beach ("the City"), Long Beach Police Department Officer Martin Ron ("Ron"), and Does 1–10 on August 28, 2018. Dkt. 1 ("Compl."). Plaintiffs allege that on August 29, 2017, Rodriguez was detained by Ron and other officers while Rodriguez was exiting a passenger train at the Los Angeles Metro Rail's Wardlow Blue Line Station. Id. ¶ 20. According to plaintiffs, after Ron forcefully brought Rodriguez to the edge of the train platform, Rodriguez was struck by an approaching train. Id. ¶¶ 20–23. Rodriguez subsequently succumbed from his injuries after being transported to Long Beach Memorial Medical Center Hospital. Id. ¶ 27.

Plaintiffs asserts the following claims for relief: (1) excessive force in violation of 42 U.S.C. § 1983, against Ron and Does 1–10; (2) Monell liability against the City and Does 5–10 for inadequate training; (3) assault and battery against the City, Ron, and Does 5–10; and (4) wrongful death against all defendants. See generally Compl. Defendants filed an answer on January 2, 2019. Dkt. 11 ("Anw.").

The City filed a motion for judgment on the pleadings as to plaintiffs' Monell claim on December 4, 2019. Dkt. 22 ("Mot."). Plaintiffs filed an opposition on January 6, 2020. Dkt. 23 ("Opp."). The City filed a reply on January 7, 2020. Dkt. 24 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07522-CAS(FFMx) | Date | January 21, 2020 |
| Title | ESTATE OF CESAR RODRIGUEZ ET AL. v. CITY OF LONG BEACH ET AL. | | |

On January 17, 2020, the Court vacated the hearing date of January 27, 2020, determining that the City's motion is appropriate for decision without oral argument pursuant to Fed. R. Civ. P. 78 and C.D. Cal. L.R. 7–15. Dkt. 27. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Id. (internal citation omitted).

## III. DISCUSSION

The City seeks partial judgment on the pleadings as to plaintiffs' Monell claim. Mot. at 1. According to the City, "[p]laintiffs do not identify how Long Beach's training practice was deficient, explain why it was deficient, nor describe how it caused Rodriguez's injury and death." Mot. at 5. The City contends that the complaint's "threadbare allegations cannot survive a motion for judgment on the pleadings" and that, "[i]n light of Iqbal, bare allegations are insufficient to state a claim for municipal liability." Id.

Here, plaintiffs allege that "[o]n July 1, 2017, the Long Beach Police Department began patrolling the MTA Blue Line route within the City . . . and [defendants] failed to develop and implement any policies or procedures regarding this new patrolling activity[.]" Compl. ¶ 37. According to plaintiffs, "defendants failed to train its [sic] officers as to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07522-CAS(FFMx) | Date | January 21, 2020 |
| Title | ESTATE OF CESAR RODRIGUEZ ET AL. v. CITY OF LONG BEACH ET AL. | | |

specific dangers and threats posed to the public related to police contact on trains and train platforms." Id. Plaintiffs further allege that the City and Does 1–10, "acting with deliberate indifference . . . knowingly allowed [Ron] and [Does 1–10] to serve as patrol officers . . . without proper training as to the dangers related to arresting suspects on trains and train platforms; including the dangers posed by incoming trains to suspects being arrested on train platforms." Compl. ¶ 39. Plaintiffs contend that the City and Does 1–5 "knew that such untrained officers would have confrontations with suspects on the train platform which would result in injury to the suspects because of the lack of training." Id.

The Court notes that since plaintiffs filed this action on August 28, 2018, there has been substantial progress in this case to date. For example, discovery is already well underway. See Opp. at 10–11, Declaration of Daniel W. Gillette ("Gillette Decl."). Moreover, discovery is scheduled to close on February 14, 2020, and the last day to file dispositive motions is February 17, 2020. Dkt. 19.

While the Court recognizes that the City raises alleged pleading defects in plaintiffs' complaint, plaintiffs are prepared to augment the complaint to include more specific allegations regarding "each of the dangers associated with contacts with suspects on train platforms, and to more specifically identify the inadequacies of defendant's training program and how said inadequacies caused Cesar Rodriguez's injuries." Opp. at 8–9. Moreover, if the Court were inclined to grant the City's motion for judgment on the pleadings based on pleading deficiencies in the complaint, at this juncture, the Court would allow plaintiffs the opportunity to amend. See Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:341.1 (The Rutter Group 2019) ("A dismissal without affording plaintiff an opportunity to amend to conform the allegations of the complaint to postfiling developments and evidence obtained during discovery may constitute an abuse of discretion.") (internal citations omitted).

In light of the foregoing, the Court concludes that matter is better decided on a motion for summary judgment, rather than a motion for judgment on the pleadings. See Perez v. Oak Grove Cinemas, Inc., No. 3:13-cv-00728-HZ, 2014 WL 1796674, at *4 (D. Or. May 5, 2014) (denying Rule 12(c) motion for judgment on the pleadings where discovery, including depositions, had already taken place); accord Jones v. Town of Quartzsite, No. 12-cv-2629-PHX-LOA, 2014 WL 12617038, at *1 (D. Ariz. Feb. 24, 2014) (denying Rule 12(c) motion and noting that "court[s] should hesitate to entertain Rule 12(c) motion[s] once parties have invested substantial resources in discovery[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        '**O**'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07522-CAS(FFMx) | Date | January 21, 2020 |
| Title | ESTATE OF CESAR RODRIGUEZ ET AL. v. CITY OF LONG BEACH ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** the City's partial motion for judgment on the pleadings.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |